219 F.2d 946
 Ida MAGIDSON, Executrix of the Estate of Phil Magidson,
Deceased, Appellant,
v.
Jerome F. DUGGAN, Trustee of the Estate of Christopher
Engineering Compnay, a corporation, Debtor, and of National
Aircraft Corporation, a corporation, Subsidiary Debtor, and
Hascal Schneider and Max Schneider, doing business as
Seco-Lite Manufacturing Company, Appellees.
Ida MAGIDSON, Executrix of the Estate of Phil Magidson,
Deceased, Appellant,
v.
Jerome F. DUGGAN, Trustee of the Estate of Christopher
Engineering Company, a corporation, Debtor, and of National
Aircraft Corporation, a corporation, Subsidiary Debtor, and
Hascal Schneider and Max Schneider, doing business as
Seco-Lite Manufacturing Company, Appellees.
 Nos. 14653, 14688.
 United States Court of Appeals, Eighth Circuit.
 March 4, 1955.
 
 Geo, O. Durham and E. M. Munger, St. Louis, Mo., for appellees.
 Orville Richardson, Max Sigoloff and James D. Dockery, St., Louis, Mo., for appellant.
 Before SANBORN, JOHNSEN and COLLET, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellees have lodged with the Clerk of this Court a motion for leave to file a petition which is attached to the motion and is entitled 'Renewed Petition to Transfer to the Court en Banc and for Equitable Relief.' The motion and the 'Renewed Petition' are both addressed 'To the Honorable Archibald K. Gardner, Chief Judge, and the Honorable Associate Judges of the United States Court of Appeals for the Eighth Circuit, en banc.'
 
 
 2
 These cases were argued and submitted to us for decision in December 1953. We decided them adversely to the appellees on May 11, 1954. Magidson v. Duggan, 8 Cir., 212 F.2d 748. The appellees procured additional time within in which to petition for a rehearing under Rule 15 of the Rules of this Court. On June 11, 1954, they filed a petition for rehearing or, in the alternative, to transfer the cases to the Court en banc. The petition was in all respects denied by us on July 1, 1954.
 
 
 3
 Following the denial of their petition for rehearing, the appellees on July 13, 1954, filed a petition and motion addressed to all the active judges of the Court, asking them to vacate our decision and to transfer the cases to the Court en banc for consideration of the petition for rehearing. The petition and motion were submitted to all the active judges. They, on August 24, 1954, by an order signed on their behalf by Chief Judge Gardner, denied the appellees' motion 'so far as it requests that the petition be heard en banc.' The order directed that the petition for rehearing be submitted to 'the Court consisting of the three Judges who heard the cases on their merits for such disposition as the Court may deem appropriate.'
 
 
 4
 On September 7, 1954, we entered an order, the last sentence of which reads as follows' 'The order heretofore entered, denying a rehearing before this Division or before the Court en banc, is adhered to.' Thereafter the appellees procured a stay of mandate, and petitioned the Supreme Court of the United States for certiorari. That court denied certiorari on November 15, 1954, 348 U.S. 883, 75 S.Ct. 124, and denied the appellees a rehearing on January 10, 1955, 75 S.Ct. 291.
 
 
 5
 The 'Renewed Petition' which the appellees now ask leave to file in nothing more than a continuation or renewal of the petition for rehearing which the active judges of this Court on August 24, 1954, declined to hear en banc and which they ordered transferred to us for disposition. The 'Renewed Petition' is belated, repetitious, and unauthorized by the Rules and practice of this Court. Rule 15(c) provides: 'A rehearing will be granted only if a majority of the judges who heard the case shall so order.' Rule 15(e) provides: 'The Division of the Court by which a case has been heard and determined shall have the power to finally dispose of any petition for the rehearing of the case and of any request for consideration thereof by the Court en banc.'
 
 
 6
 Since we constituted the Division of the Court which heard and decided these cases, our order of July 1, 1954, denying the only timely petition for rehearing filed by the appellees, was, under the Rules and practice of this Court, a final order. Furthermore, if any added authority for disposing of any subsequent petition for rehearing en banc or otherwise was needed, that was granted us by the members of the Court in active service in their order of August 24, 1954.
 
 
 7
 We had jurisdiction to hear and decide these cases, to rule finally upon the appellees' petitions for rehearing, and to terminate this litigation for and on behalf of this Court. We have exercised that jurisdiction. The motion of the appellees for leave to file their 'renewed Petition' furnishes no justification or excuse for any further stay of our mandate or any further proceedings in this Court in these cases. The Clerk is directed to issue the mandate forthwith. The motion for leave to file the 'Renewed Petition' is denied.